**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 96-4134

CHARLES L. PETERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Robert Earl Maxwell, District Judge.
(CR-94-111-1)

Submitted: October 29, 1996

Decided: November 13, 1996

Before MURNAGHAN, ERVIN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard G. Higgins, Jr., Morgantown, West Virginia, for Appellant.
William D. Wilmoth, United States Attorney, Lisa Grimes Johnston,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant was convicted of various felonies in 1970 and 1982. Appellant, who at the time resided in Pennsylvania, was apprehended in November 1993 in Morgantown, West Virginia, outside of the Rape and Domestic Violence Center. Appellant's wife, who had left him the month before and who had a valid protective order against Appellant in effect, was a client at the Center and was in the Center at the time of Appellant's apprehension. A sawed-off 12-gauge shotgun was found on the front seat of Appellant's car. Witnesses testified that Appellant intended to kill his wife with the shotgun. Appellant stipulated at trial that, as a convicted felon, he was not authorized to possess a firearm. After a two day trial, a jury convicted Appellant of one count each of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1) (1994)), possession of an unlawful, unregistered firearm (i.e., a sawed-off shotgun) (26 U.S.C. § 5861(d) (1994)), and transportation of an unlawful, unregistered firearm in interstate commerce (26 U.S.C. § 5861(j) (1994)).

On appeal, Appellant argues that two unsolicited comments concerning a prior warrant for stalking made during the testimony of one of the officers who apprehended him and one comment concerning spousal abuse made during rebuttal testimony were improperly admitted as evidence of prior bad acts in violation of Fed. R. Evid. 404(b) and unfairly prejudiced Appellant's trial.

We decline to address whether or not the comments were properly admitted under Fed. R. Evid. 404(b) because we hold that any error in admitting the evidence was harmless beyond a reasonable doubt. See Arizona v. Fulminante, 499 U.S. 279 (1991). The challenged references to stalking and spousal abuse were minimal and were not emphasized by the prosecutor. Moreover, any error was cured by the defense counsel's objections and the district judge's limiting and curative instructions. Since jurors are presumed to follow the judge's instructions, it can be assumed that the challenged testimony concerning stalking was given the appropriate weight and the testimony about spousal abuse was disregarded. See Francis v. Franklin, 471 U.S. 307, 324-25 n.9 (1985); United States v. Tipton , 90 F.3d 861, 893 (4th

2

Cir. 1996). Finally, the remaining evidence overwhelmingly supported the findings of guilty.

We therefore affirm the findings and sentence of the district court. See United States v. Peterson, No. CR-94-111-1 (N.D.W. Va. Feb. 8, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3